**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID MARTINEZ, on behalf of himself and the putative Collective and Class Members,<br><br>Plaintiff,<br>v.<br><br>PARACO GAS CORPORATION,<br><br>Defendant. | Case No. 7:26-cv-2815<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF (CLASS AND COLLECTIVE ACTION)**<br><br>**JURY TRIAL DEMANDED** |

David Martinez ("Plaintiff"), on behalf of himself and all other Collective and Class Members, alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this class and collective action on behalf of himself and other individuals who work or have worked for Paraco Gas Corporation ("Paraco Gas" or "Defendant") as non-exempt, hourly employees ("Utility Drivers"), to challenge Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff challenges Defendant's policies and practices of: (1) failing to pay Plaintiff, Collective and Class Members overtime wages and (2) failing to provide Plaintiff and Class Members required wage statements upon payment of wages.

3. Paraco Gas is a propane company that services customers in New York, New Jersey, Connecticut, Pennsylvania, Rhode Island, Maine, New Hampshire, and Vermont, with its headquarters in Rye Brook, New York.

4. Plaintiff and members of the Class are current and former employees who worked for Paraco Gas as non-exempt hourly employees throughout New York.

5. Plaintiff and members of the Collective are current and former employees who worked for Defendant as non-exempt hourly employees throughout the United States, including in New York.

6. Plaintiff seeks damages in an amount that exceeds $75,000.00.

**JURISDICTION AND VENUE**

7. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question

jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the New York Labor law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this judicial district. The Defendant resides in this judicial district and is subject to personal jurisdiction here.

**PARTIES**

9. Plaintiff David Martinez is an individual over the age of eighteen and residing in Port Jervis, New York.

10. Plaintiff was employed by Paraco Gas as a CDL Utility Driver from November 7, 2024 through March 6, 2025 at Defendant's Rye Brook, New York location.

11. Plaintiff is informed, believes, and alleges that Paraco Gas is a for-profit domestic business corporation, with its principal office located in Rye Brook, New York.

12. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d), as well under New York Labor Law §190.

13. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

14. Plaintiff, Collective, and Class members were and are employees of Defendant within the meaning of 29 U.S.C. § 203(e) and New York Labor Law §190.

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Defendant acts as an employer of Plaintiff, Collective, and Class members because

Defendant, directly or indirectly, controls the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

17. Plaintiff is informed, believes, and alleges that Defendant had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

18. At all material times, Paraco Gas has been Plaintiff's "employer" within the meaning of the FLSA, and the New York Labor Law.

19. At all material times, Plaintiff and Collective members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

20. At all material times, Paraco Gas has done business under the laws of the United States, and New York. Defendant has employed Class and Collective members in this judicial district

**FACTUAL ALLEGATIONS**

21. Plaintiff is informed, believes, and alleges that Defendant is a New York domestic for-profit corporation that owns and operates multiple propane stations across the United States, including in New York.

22. Plaintiff is informed, believes, and thereon alleges that Defendant employs hundreds of hourly, nonexempt workers similarly situated to Plaintiff as Utility Drivers throughout the United States and in New York.

23. Plaintiff worked for Defendant as a Utility Driver, in Rye Brook, New York. Plaintiff worked for Defendant from approximately November 7 2024 through March 6, 2025.

24. Defendant classifies Plaintiff, Collective, and Class members as non-exempt employees and pays them on an hourly rate basis. Plaintiff was classified as a non-exempt

employee and was paid a rate of approximately $28.38 per hour.

25. Plaintiff and, upon information and belief, Collective, and Class members, routinely work in excess of forty (40) hours in a week.

26. Plaintiff worked six days a week, for approximately 12 hours a day, for approximately 72 hours a week.

27. Defendant automatically reduced Plaintiff's, Collective's, and Class Members' time by 30 minutes, regardless of whether Plaintiff, Collective, and Class Members took a break or not.

28. Defendant requires Plaintiff, Collective, and Class Members to perform work off-the-clock during their unpaid meal breaks, without compensation.

29. Plaintiff's, Collective, and Class Members' meal periods are always on duty. Plaintiff, Collective, and Class Members are required to carry out requests from management during their meal breaks. For example, during his meal periods, Plaintiff is required to eat 'windshield lunches' aka eating while driving, in order to finish his routes in accordance with Defendant's requirements.

30. Defendant interrupts Plaintiff and Collective and Class members' meal breaks, requesting Collective and Class Members to, for example, drive between delivery locations, respond to dispatch communications regarding delivery routes, continue transporting propane to scheduled customers, and complete deliveries within time constraints imposed by Defendant, which they perform, while clocked out. Although Defendant benefits from this off-the-clock work, Defendant does not compensate Plaintiff, Class, or Collective Members for their time.

31. As a result of this off-the-clock work during meal breaks, Defendant fails to compensate Plaintiff, Collective and Class Members all wages due, including overtime wages.

32. The unpaid off-the clock work performed by Plaintiff and Collective and Class Members is compensable under the FLSA and applicable New York Labor Laws, as it was performed for the benefit of Defendant and constitutes compensable time for which they were not properly paid.

33. Moreover, Plaintiff, Collective, and Class members worked more than forty hours in a workweek, Defendant failed to compensate them at one and one-half times their regular rate of pay for all overtime hours worked. The unpaid off-the-clock work performed by Plaintiff, Collective, and Class members is compensable under FLSA and applicable New York Labor law, as it was performed for the benefit of Defendant and constitutes compensable time for which they were not properly paid.

34. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes and applies these meal break policies and practices across all of Defendant's job sites throughout the United States.

35. These violations of the FLSA and New York Labor law are willful, and Defendant cannot demonstrate a good faith basis for any purported belief that their conduct complied with either the FLSA, and/or New York law.

36. Collective and Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

37. Plaintiff, Collective, and Class members report to locations owned, operated, or managed by Defendant to perform their jobs.

38. Plaintiff, Collective, and Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

39. Plaintiff, Collective, and Class members are required to follow and abide by

common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

40. At the end of each pay period, Plaintiff, Collective, and Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

41. Defendant has employed hundreds of people similarly-situated to Plaintiff during the three-year period prior to the filing of this Complaint.

42. Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff, and the Collective and Class members. In particular, Defendant failed to record hours that Plaintiff and Collective and Class members worked off-the-clock during purported meal breaks.

43. Defendant did not keep accurate records of the overtime wages earned by Plaintiff and the Collective and Class members.

44. Defendant did not provide Plaintiff and the Collective and Class members accurate wage statements with each payment of wages as required by the NYLL.

45. In failing to provide proper wage statements and notices, Defendant has failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendant's failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay.

46. Due to Defendant's failure to provide legally mandated earnings statements and wage notices, Defendant was able to hide their wrongdoing from employees and continues to attempt to hide their wrong doings, necessitating the current litigation.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

47. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> **All current and former non-exempt, hourly employees classified as 'Utility Drivers' of Defendant. throughout the United States during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").**

48. Plaintiff, individually and on behalf of all similarly situated individuals as defined above, seeks relief on a collective basis challenging Defendant's unlawful policies and practices, including the failure to accurately record all hours worked and the failure to properly compensate employees for all hours worked, including overtime wages. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

49. The members of the Collective are similarly situated in that they share substantially similar job duties and responsibilities and are subject to Defendant's common policies, practices, and procedures. These uniform practices require Collective Members to perform work and subsequently result in causing them to work without receiving proper compensation, in violation of the FLSA.

50. Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

51. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

52. The similarly situated members of the Collective are known to Defendant, are

readily identifiable, and may be located through Defendant's employment records. These individuals may be promptly notified of the pendency of this action and afforded the opportunity to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages (or, in the alternative, prejudgment interest), and reasonable attorneys' fees and costs under the FLSA. Plaintiff anticipates submitting a proposed notice or notices to similarly situated employees, subject to Court approval, to be disseminated via United States Mail and other appropriate means. Such notice(s) will inform FLSA collective members of their right to opt in to this action pursuant to 29 U.S.C. § 216(b) by submitting a written consent by the deadline specified in the notice. The notice(s) will also advise that any judgment rendered in this action—whether favorable or unfavorable—will be binding on all individuals who timely opt in to the FLSA collective action.

## RULE 23 CLASS ACTION ALLEGATIONS

53. Plaintiff brings causes of action as a class action on behalf of himself and all others similarly situated employees pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

54. The Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly-paid, non-exempt Utility Drivers of Defendant who worked in the State of New York within the six (6) years preceding the filing of this Complaint until the conclusion of this litigation.**

55. This action is brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

56. **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable. Joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the

identities of the Class will be determined from Defendant's employment records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

57. **Commonality**: There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class. These common questions of law and fact include, but are not limited to:

i. Whether Defendant fails to pay Plaintiff and Class Members for all hours worked, including all required minimum wages and overtime compensation;

ii. Whether Defendant fails to provide Plaintiff and Class Members to take the bona fide, timely, full-length, and otherwise compliant meal breaks to which they are entitled under New York law;

iii. Whether Defendant's policy and practice of failing to provide, with each wage payment, statements accurately listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, etc., violated NYLL § 195(3); and

iv. Whether Defendant's actions were "willful" as that term is understood in New York wage and hour law.

58. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of the New York Labor law as alleged herein caused Plaintiff and Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

59. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on

behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

60. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

61. If each individual putative Class Member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial and legal resources. Requiring each individual Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class Members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**<u>FIRST CAUSE OF ACTION</u>**
**Failure to Pay Overtime**
**Pursuant to 29 U.S.C. §§ 201, *et seq*.**
**(On Behalf of Plaintiff and the Collective Against Defendant)**

62. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

63. The FLSA requires that covered employees receive overtime compensation at no less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

64. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

65. Defendant is a covered employer required to comply with the FLSA's mandates.

66. Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective at the legally mandated overtime rate for work over 40 hours in a week. *See* 29 U.S.C. § 206; 29 U.S.C. § 207(a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. 29 U.S.C. § 211(c).

67. Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the United States.

68. Plaintiff and the Collective are entitled to damages equal to the mandated overtime premium pay within the <u>three years</u> preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

69. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

70. As a result of the aforesaid violations of the FLSA's provisions overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

71. Wherefore, Plaintiff and the Collective request relief pursuant to 29 U.S.C.§§201 *et seq*.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime**
**Pursuant to New York Labor Law §§650 *et seq*.**
**(On Behalf of Plaintiff and the Class Against Defendant)**

72. Plaintiff realleges and incorporates the foregoing paragraphs at though fully set forth herein.

73. Defendant has failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

74. Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§650 *et seq*., and the supporting New York State Department of Labor Regulations.

75. Due to Defendant(s)' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendant(s) their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**<u>THIRD CAUSE OF ACTION</u>**
**Failure to Provide Accurate Wage Statements**
**Pursuant to NYLL §§195(3), 198, 199, and 661**
**(On Behalf of Plaintiff and the Class Against Defendant)**

76. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

77. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

78. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each workday that the violation occurs or continues to occur, but not to exceed $5,000.

79. Defendant did not provide Plaintiff and the Rule 23 Class wage statements with accurate information as required by NYLL § 195(3).

80. The failure of Defendant to provide Plaintiff and the Rule 23 Class with wage statements in violation of NYLL § 195 was willful.

81. By the foregoing reasons, Defendant(s) are liable to Plaintiff and the Rule 23 Class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## PRAYER FOR RELIEF

82. For these reasons, Plaintiff, Collective and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

i. An order preventing Defendant from retaliating in any way against Plaintiff and any Collective or Class Member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

ii. An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

iii. An order finding that Defendant violated the FLSA;

iv. An order finding Defendant violated the FLSA willfully;

v. All unpaid wages due under the FLSA;

vi. An equal amount as liquidated damages as allowed under the FLSA;

vii. Reasonable attorneys' fees, costs, interest, and expenses of this action as provided by the FLSA;

viii. An order certifying this case as a Class Action under Fed. R. Civ. P. 23 of the Federal Rules of Civil Procedure;

ix. An order finding that Defendant violated New York law;

x. All unpaid regular wages due under New York law;

xi. All unpaid overtime wages due under New York law to the extent same does not

duplicate overtime wages due under the FLSA;

xii. An award of liquidated damages as provided by New York law;

xiii. All attorneys' fees, costs and disbursements as provided by New York law;

xiv. For interest on any damages and/or penalties awarded, as provided by applicable law; and

xv. Such other and further relief as this Court deems just and proper.

Dated: April 6, 2026

Respectfully Submitted,

*/s/ John J. Nestico*

John J. Nestico (NY Bar No. 1724020)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
6000 Fairview Road, Suite 1200
Charlotte, North Carolina 28210
Tel: (510) 740-2946
Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (*Pro Hac Vice forthcoming*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice forthcoming*)
California Bar No. 268145
Robert E Morelli, III (*Pro Hac Vice forthcoming*)
Tennessee Bar No. 037004
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
Tel: (415) 421-7100
Fax: (415) 421-7100
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorellli@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Collective*
** Admission pro hac vice anticipated*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: April 6, 2026

Respectfully Submitted,

*/s/ John J. Nestico*

John J. Nestico (NY Bar No. 1724020)
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
2138 Harris Rd.,
Charlotte, NC 28211
Tel: (510) 740-2946
Fax: (415) 421-7105
jnestico@schneiderwallace.com

Carolyn H. Cottrell (*Pro Hac Vice forthcoming*)
California Bar No. 166977
Ori Edelstein (*Pro Hac Vice forthcoming*)
California Bar No. 268145
Robert E Morelli, III (*Pro Hac Vice forthcoming*)
Tennessee Bar No. 037004
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**
Tel: (415) 421-7100
Fax: (415) 421-7100
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorellli@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Collective*
** Admission pro hac vice anticipated*